IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,     )
                              )
            Plaintiff,        )        8:11CR23
                              )
      v.                      )
                              )
GREGORY SMITH,                )        ORDER
                              )
            Defendant.        )
_____)
```

This matter is before the Court on the findings and recommendation (Filing No. 29) of the magistrate judge recommending that the motion to suppress (Filing No. 16) be denied. After reviewing the magistrate judge's findings and recommendation de novo, 28 U.S.C. § 636(b)(1), as well as the plaintiff's brief in opposition to defendant's statement of objections (Filing No. 36), and the transcript of the hearing (Filing No. 33), the Court finds Smith's objection should be sustained and his motion to suppress should be granted.

## I.  FACTS

The case arises out of events that took place at an apartment complex owned by the Winnebago Tribe of Nebraska, Tribal Housing Program ("Housing Program"). In November of 2010, Smith was living in Apartment No. 9, a first-floor apartment located in the West Kelly building and owned by the Housing Program. On or about the evening of November 9, 2010, Smith's upstairs neighbor, Kennetha Whitebear, heard loud laughing and

music coming from Smith's apartment.  Whitebear, a Housing Program employee, suspected the disturbance was alcohol related, which would constitute a violation of Smith's lease.  Whitebear, however, did not take any action that night to report the disturbance to the police or the Housing Program.

The next morning, November 10, 2010, Whitebear did not hear any noise coming from Smith's apartment and she proceeded to the Housing Program office for work.  When she left work for lunch, Whitebear encountered another neighbor, and the two began discussing the noise coming from Smith's apartment the previous night.  During the conversation, the neighbor informed Whitebear that someone had spilled a red liquid substance in the apartment building's common area outside of Smith's apartment door.  When she returned from lunch, Whitebear proceeded to clean up the liquid substance outside Smith's apartment.  Whitebear testified she did not hear any noise coming from Smith's apartment at this time.

Whitebear then returned to the Housing Program office where she met with Heather Little Thunder (the Housing Program's manager) and Mickey Armel (the Housing Program's director).  Armel informed Whitebear that the Housing Program had received a noise complaint regarding Smith's apartment,[1] and he asked

---

[1] There is conflicting testimony regarding who received the noise complaint.  Heather Little Thunder testified Whitebear received the noise complaint and brought it to the attention of

-2-

Whitebear to call the police.  Whitebear called the Winnebago Police, who dispatched Officer Brad Irwin (U.S. Department of Interior, Bureau of Indian Affairs, Office of Justice Services, Uniform Division) to Smith's apartment.  The police dispatcher requested someone from the Housing Program meet Officer Irwin at Smith's house, so Whitebear left the office and returned to Smith's apartment.

Upon arriving at Smith's apartment, Whitebear observed Officer Irwin knocking on Smith's door and announcing his presence.  Officer Irwin told Whitebear that no one had answered.  Pursuant to her training with the Housing Program, Whitebear knocked several time on Smith's door and announced she was there from the Housing Authority.  When still no one answered, Smith used her master key to unlock Smith's apartment door so that Officer Irwin could enter.  Officer Irwin testified he believed Whitebear was authorized to consent to a search of Smith's apartment because "[i]t's been done many, many times through my experience in the years that I've worked for the tribe."  Officer Irwin estimated Housing Program employees have given him access to apartments at least twenty-five times throughout his career.

Officer Irwin conducted a brief search of Smith's apartment, which was unoccupied, and found a rifle on a chair in one of the apartment's bedrooms.  Because he knew Smith had

---

Armel.  The Court finds the conflict immaterial.

previously been convicted of a felony, Officer Irwin suspected Smith illegally possessed the rifle.  Officer Irwin confiscated the rifle from Smith's apartment as evidence.

Later, when the FBI contacted Smith, Smith made inculpatory statements tending to indicate he illegally possessed the rifle.  The government later indicted Smith for violation of 18 U.S.C. §§ 922(g).  Smith moved to suppress all evidence derived from Officer Irwin's search.  After orally stating his findings at the end of the suppression hearing held on April 5, 2011, the magistrate judge recommended the motion be denied.

## II.  ANALYSIS

Although the Fourth Amendment to the U.S. Constitution generally prohibits warrantless searches of premises, police may conduct a warrantless search when they obtain valid consent.  *United States v. Amratiel*, 622 F.3d 914, 915 (8th Cir. 2010).  Police may obtain consent from a third party possessing "common authority over or other sufficient relationship to the premises."  *United States v. Matlock*, 415 U.S. 165, 171 (1974).  Even if the third party lacks common authority, police may conduct a warrantless search if the officer *reasonably relies* on a third party's demonstration of apparent authority.  *Amratiel*, 622 F.3d at 916 (citing *United States v. Hudspeth*, 518 F.3d 954, 958 (8th Cir. 2008), and *Illinois v. Rodriguez*, 497 U.S. 177, 185-86 (1990)).

The Government effectively concedes Whitebear, as a representative of Smith's landlord, lacked common authority to consent to a search of Smith's apartment by Officer Irwin. Nevertheless, the Government argues no Fourth Amendment violation occurred because Officer Irwin reasonably relied on Whitebear's apparent authority to consent to the search of Smith's apartment. This argument must fail.

In *Chapman v. United States*, 365 U.S. 610 (1961), the Supreme Court determined police conduct an unlawful search when they gain entry into a tenant's premises with the landlord's consent but without the tenant's consent. *Chapman*, 365 U.S. at 618; *cf. Issa v. City of Glencoe*, 118 F. App'x 103, 105 (8th Cir. 2004) ("[A] landlord generally lacks common authority to consent to a search of a tenant's premises . . . ."). The Supreme Court's determination in *Illinois v. Rodriguez*, 497 U.S. 177 (1990), that a police officer may reasonably rely on a third party's demonstration of apparent authority to consent to a search did not alter this general rule. After *Rodriguez*, many courts have recognized an officer's mistake of law regarding a landlord's authority cannot form the basis for a reasonable belief that the landlord possesses apparent authority to consent to a search. *See*, *e.g.*, *United States v. Brown*, 961 F.2d 1039, 1041 (2d Cir. 1992) ("Here, the investigating officer concluded that because [the landlady] was authorized to enter Brown's

apartment when necessary to turn off electrical appliances or lights, she could consent to a search of his apartment. This was not a reasonable . . . belief based upon the facts presented to the officer, but rather a misapprehension of the applicable rule of law."); *see also United States v. Howe*, 414 F. App'x 579, 581 (4th Cir. 2011) ("[T]he apparent authority doctrine does not cure [the officer's] mistake of law in concluding [the landlords] had the apparent authority to authorize his warrantless entry onto the curtilage of the rented property."); *United States v. Whitfield*, 939 F.2d 1071, 1074-75 (D.C. Cir. 1991) (stating law enforcement agents could not have reasonably believed landlord/mother could consent to search of tenant/son's room, where agents knew son occasionally paid rent and made no further inquiry).

In the present case, Officer Irwin's mistake of law regarding Whitebear's demonstration of apparent authority to consent to a search of Smith's apartment cannot form a basis for reasonable reliance. The fact that the Housing Program routinely gave Officer Irwin access to apartments does not make Officer Irwin's reliance reasonable.

The cases the Government cites are distinguishable and do not compel a contrary decision. *See Amratiel*, 622 F.3d at 916 (concluding officers reasonably relied on spouse's consent to allow officers to search a safe located in the garage); *United*

*States v. Czeck*, 105 F.3d 1235, 1240 (8th Cir. 1997) (concluding third party's consent was valid where third party claimed the searched room was his bedroom and where the officers believed the defendant resided at another address); *United States v. Brokaw*, 985 F.2d 951, 953 (8th Cir. 1993) (concluding search of trailer was reasonable where third party, who claimed to own the trailer and the land on which the trailer resided, gave consent to search).

Officer Irwin's search of Smith's apartment was unreasonable and violated Smith's Fourth Amendment rights. Because the government offers no other legal justification saving the evidence obtained from Officer Irwin's search and because the resulting evidence was obtained from an illegal search, the evidence should be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 488 (1963).

IT IS ORDERED:

1)   Smith's objection (Filing No. 34) to the magistrate judge's findings and recommendation (Filing No. 29) is sustained; and

2)   Smith's motion to suppress (Filing No. 16) is granted.

3) Trial of this matter is scheduled for:

**Tuesday, September 13, 2011, at 9 a.m.**

-7-

in Courtroom No. 5, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska, or as soon thereafter as may be called by the Court.  This will give the parties time to pursue plea negotiations or prepare for trial, and the ends of justice will be served by continuing this case and outweigh the interests of the public and the defendant in a speedy trial.  The additional time between July 22, 2011, and September 13, 2011, shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act.  18 U.S.C. § 3161(h)(8)(A) & (B).

       DATED this 22nd day of July, 2011.

                              BY THE COURT:

                              /s/ Lyle E. Strom
                              _____
                              LYLE E. STROM, Senior Judge
                              United States District Court